IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:18cv613-MHT (WO) |
| $4,460.50 IN UNITED STATES CURRENCY, | ) ) ) ) | |
| Defendant. | ) | |

**DECREE OF FORFEITURE**

Before the court is the government's renewed motion for decree of forfeiture.

On June 27, 2018, the government filed a complaint of forfeiture (doc. no. 1) alleging that the defendant is subject to forfeiture, pursuant to 21 U.S.C. § 881(a)(6), which provides for the seizure and forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841(a) and all proceeds traceable to

such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. § 841(a).

Process was fully issued in this action and returned according to law.

Pursuant to a warrant for arrest *in rem* issued by this court on July 2, 2018 (doc. no. 4), the United States Marshals Service for this district served the defendant on July 16, 2018.

On July 20, 2018, Attorney Karen Benefield was personally served by a deputy United States Marshal with copies of the Verified Complaint for Forfeiture *In Rem*, Notice of Complaint for Forfeiture against Personal Property, and Warrant of Arrest *In Rem*.

On August 6, 2018, Cameron McElroy ("McElroy") was personally served by a deputy United States Marshal with copies of the Verified Complaint for Forfeiture *In*

*Rem*, Notice of Complaint for Forfeiture against Personal Property, and Warrant of Arrest *In Rem*.[*]

Notice of this civil forfeiture action against the defendant was published for 30 consecutive days on an official government internet site (www.forfeiture.gov), as evidenced by the declaration of publication filed with this court on August 8, 2018 (doc. no. 8).

On September 20, 2018, default was entered against Cameron McElroy and all other persons and entities having an interest in the defendant for failure to answer or otherwise defend as provided for in the manner set forth in 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5) of the Supplemental Rules for

---

[*] Additionally, in its order of March 8, 2019, the court requested clarification as to whether service was executed on McElroy since the acknowledgement of service form from the U.S. Marshal's Service (USM-285) (doc. no. 17) indicated a date and time of service, but the boxes used to indicate whether McElroy actually was served and how he was served were left unchecked. The government's response clarified that it was an oversight by the Deputy U.S. Marshall and through an affirmation filed as an exhibit to the response (doc. no. 18), confirmed that service was sufficient and perfected on McElroy.

Admiralty or Maritime Claims and Asset Forfeiture Actions (doc. no. 10).

On March 19, 2019, Geraldine Hillmon (Walter Hillmon's mother), on behalf of Walter Hillmon, was personally served by a deputy United States Marshal with copies of the Verified Complaint for Forfeiture *In Rem*, Notice of Complaint for Forfeiture against Personal Property, and Warrant of Arrest *In Rem* (doc. no. 21).

On April 26, 2019, default was entered (doc. no. 23) against Walter Hillmon for failure to answer or otherwise defend as provided for in the manner set forth in 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

No other claim or answer has been filed on behalf of any other party.

***

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that:

(1) The government's renewed motion for decree of forfeiture (doc. no. 24) is granted.

(2) The defendant, $4,460.50 in United States currency seized on January 30, 2018 from Walter Lee Hillmon, is hereby forfeited to the United States, to be disposed of according to law, and no right, title, or interest in the defendant shall exist in any other party.

**DONE, this the 17th day of July, 2019.**

                                    /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**